Abraham N. Geller, J.
Motion for an installment payment order pursuant to CPLR 5226 is granted. There is no merit to judgment debtor’s argument that this judgment creditor should not be granted a preference over the seven other judgment creditors, who are waiting in line on the basis of income executions delivered to the Sheriff to follow in order the current income execution after each is fully satisfied. This, of course, is no concern of judgment debtor. But, in any event, that is not a valid objection under the statutory scheme of enforcement proceedings. Priority does not depend on the time element of obtaining of judgments but rather of time of delivery of income executions with respect to that particular device under CPLR 5231 or of time of filing of orders for payment, such as under CPLR 5226, which is a distinct and separate device. The installment payment -order device may be availed -of in a proper case whereby a judgment creditor may proceed under both CPLR 5226 and 5231, as well as to allow a judgment creditor, other than the one collecting on an income execution, to procure payment on his judgment without waiting for full payment of prior income executions. The fact that the other judgment creditors could have, but did not, proceed under CPLR 5226 does not affect the right of this creditor to obtain payment by proper application in accordance with its provisions. In Matter of Caruso v. Bchilingo (23 A D 2d 627), though the facts indicated that it was not a proper case for such relief, it is clear that there is no impediment to granting relief under CPLR 5226 to one judgment creditor despite the existence of several prior *309 income executions. Taking into consideration “the reasonable requirements of the judgment debtor and his dependents” in the light of his salary, the 10% income execution, and the part-time earnings of his wife, installment payments of $25 per week are fixed (cf. Matter of Widder Bros. v. Kaffee, 19 A D 2d 817).